UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LONNIE BRAND, JR.                                                                               Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:18-cv-P95-DJH

JEFFERSON COUNTY COURTS *et al.*,                                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Lonnie Brand, Jr., leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss the claims herein, but will allow Plaintiff to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff names the following as Defendants in this action - "Jefferson County Courts"; "Indies '3' Street, a restaurant"; Judge Delahany[1]; and "H.I.P."

In the "Statement of Claims" section of the complaint, Plaintiff states:

I'm filing due to the fact that I was detained due to a call that was made by my spouse in which LMPD made contact with me I placed in hindcuffs told that I violated a EPO which was dismissed I tried to explain by then I was detained tooken to jail where I tried to commit suicide on my psych meds while in booking I almost died, I was transported to U of L where the officer who arrested me was rude. Upon my return to jail I was met by corrections officers in which they used excessive force against they displayed misuse of their authority on Sept. 21, 2017 I was placed in a single cell where I had my foot slammed in an door and arraigned that following Saturday in which, I was remained detained, shipped to C.C.C. were I caught a felony charge while in there custody on work release in which I returned to custody same day, I was not paid for my day's of working on sanitation, I was only paid for once, While in custody I had the prosecutor become bias towards my case request a sky high bond, not once but twice be bias towards my case and I haven't been convicted, My 5th & 8 amendment has been violated,

---
[1] It is most likely that Plaintiff misspelled this Defendant's name. Judge Sean R. Delahanty is a judge in the Jefferson County District Court.

not to mention I was robbed this past year have a police report in Newburg but I'm being labeled a menace and I was a robbery victim but I'm being prosecuted to the fullest. I was told by the prosecutor that I need to due time even if innocent. I need to speak to a civil rights lawyer.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "release from illegal detention, restoration probation."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Named Defendants

#### 1. Defendant Jefferson County Courts

Plaintiff's claims against this Defendant must be dismissed on two bases. First, the claim must be dismissed because a state or its agencies sued for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, claims against a state, its agencies, or its arms of state are barred by the Eleventh Amendment to the United States Constitution. *Id.*; *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 U.S. App. LEXIS 4709, at *5 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."); *see also McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *5 (6th Cir. Sept. 20, 1995) (holding dismissal of Kentucky circuit court was proper due

to Eleventh Amendment immunity) (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987)).

### 2. Defendants Judge Delahany, "Indies '3' Street," and "H.I.P."

Plaintiff's complaint does contain any specific facts explaining how these Defendants are personally responsible for his alleged injuries. As such, his claims against them must be dismissed for failure to state a claim to state a claim upon which relief may be granted. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); s*ee also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### B. Substantive Claims

### 1. Eighth Amendment/Fourteenth Amendment Claims

Because Plaintiff is a pretrial detainee, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. Thus, his Eighth Amendment claims must be analyzed under the Due Process Clause of the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) (analyzing pretrial detainee's claims of excessive force under the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment); *Begley v. Tyree*, No. 17-5001, 2018 U.S. App. LEXIS 3417, at *5 (6th Cir. Feb. 13, 2018) (same); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) ("Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners.").

### a. Excessive Force

Plaintiff alleges that "excessive force" was used upon him by correctional officers when they slammed his foot in the door of a cell. When a pretrial detainee alleges excessive force in

4

violation of the Fourteenth Amendment to the United States Constitution, he must prove "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. at 2473. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court finds that the allegation above, which is devoid of facts, is insufficient to state a claim for excessive force upon which relief may be granted. However, the Court will allow Plaintiff to amend his complaint to name as Defendants the correctional officials who were involved in this alleged incident, sue them in their individual capacities, and provide facts about the incident, including what actions were taken by each correctional officer, and whether Plaintiff sustained any injury as a result of the incident. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### b. Deliberate Indifference to a Serious Medical Need

The Court also notes that Plaintiff alleges that, after he was detained, he was "tooken to jail where I tried to commit suicide on my psych meds while in booking I almost died, I was transported to U of L where the officer who arrested me was rude." To the extent that Plaintiff may be attempting to state a claim for deliberate indifference to a serious medical need based upon this allegation, he fails. An Eighth Amendment claim has two components - one objective and one subjective. First, the alleged deprivation must be, objectively, "sufficiently serious," *i.e.*, the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (citations and internal quotation marks omitted). Second, the official must have been "deliberately indifferent" to the

5

inmate's health or safety. *Id.* Plaintiff's complaint contains no indication that any official acted with deliberate indifference to his serious medical needs.

## 2. Fifth Amendment/Fourteenth Amendment Claims

Plaintiff also states that his Fifth Amendment rights have been violated. The Court infers that Plaintiff's Fifth Amendment claim is based upon his allegation that he was not paid for certain days that he worked in "sanitation."

The Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law. Fifth Amendment due process claims are analyzed exactly like Fourteenth Amendment due process claims. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."); *Betts v. Brady*, 316 U.S. 455, 462 (1942), *overruled in part on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment, and is safeguarded against state action in identical words by the Fourteenth."). "[I]in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

As explained by Justice O'Connor,

> [A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The Constitution requires

> the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that Government must provide to the inmate the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.

*Id.* (citations omitted). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Id*. at 588. Because Plaintiff has failed to plead an inadequacy of state remedies in the case at bar, his claim regarding unpaid work days must also be dismissed for failure to state a claim upon which relief may be granted.

### C. Potential Claim against Unidentified Prosecutor

Although Plaintiff does not name a prosecutor as a defendant in this action, Plaintiff alleges that the prosecutor in his criminal case is "biased" against him and has set an unreasonably high bond. However, prosecutorial defendants acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Thus,

7

even if the unidentified prosecutor had been named as a defendant, Plaintiff's claims against him/her would still fail.

### D. Injunctive Relief

Finally, the Court notes that Plaintiff alleges that he has been illegally detained and asks to be released from incarceration. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, his § 1983 claim for injunctive relief cannot lie.

### IV. CONCLUSION

For the foregoing reasons**, IT IS HEREBY ORDERED** that Plaintiff's claims against the named Defendants, his Fifth Amendment claim, his Fourteenth Amendment deliberate indifference to a serious medical need claim, and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint with regard to his excessive-force claim**. **In the amended complaint, Plaintiff shall name as Defendants the correctional officials who were involved in this incident, sue them in their individual capacities, and provide more detail about the incident, including what actions were taken**

---

2 A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

**by each correctional officer, and any injury Plaintiff may have sustained**.  He should also complete a summons for each newly named Defendant.

The Clerk of Court is **DIRECTED** to write the instant case number and "Amended" on a § 1983 complaint form, along with four summons forms, and send them to Plaintiff for his completion should he wish to file an amended complaint.

**<u>Plaintiff is WARNED that his failure to file an amended complaint within the time allotted will result in dismissal of the entire action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted</u>**.

Date:


cc:  Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4415.011